```
                              United States Bankruptcy Court
                              Northern District of California
In re:                                                                   Case No. 13-51908-CN
Bora Akkaya                                                              Chapter 7
       Debtor
                                  CERTIFICATE OF NOTICE
District/off: 0971-5          User: admin                 Page 1 of 2              Date Rcvd: Jul 10, 2013
                              Form ID: ODSC7fi            Total Noticed: 21


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 12, 2013.
db         +Bora Akkaya,    7653 Braid Court,   Gilroy, CA 95020-3045
smg        +State Board of Equalization,   Attn: Special Procedures Section, MIC:55,   P.O. Box 942879,
             Sacramento, CA 94279-0001
13185062   +AB Produce,    299 Lawrence Ave,   South San Francisco, CA 94080-6818
13185064   +Alsco,   2275 Junction Ave,   San Jose, CA 95131-1211
13185066   +B. Gundogdu,    1501 Ralston Ave, Apt 304,   Burlingame, CA 94010-5156
13185070   +Clark Pest Control,    199 Topaz,   Milpitas, CA 95035-5430
13237308   +Law offices Campeau Goodsell Smith,   440 N 1st St # 100,   Attention: Kari Silva Bowyer,
             San Jose, CA 95112-4024
13185072    Pacific Gas & Electric,   P.O. Box 997340,   Sacramento, CA 95899-7340
13185073   +Primize Foods,   23840 Foley St,   Hayward, CA 94545-1619
13185074  ++++SUPERIOR COURT OF CALIFORNIA,   CASE 1-11-CV-209916,   191 N 1ST ST STE A,
             SAN JOSE CA 95113-1006
           (address filed with court: Superior Court of California,   191 N. First Street,
             Case 1-11-CV-209916,   San Jose, CA 95113)
13185075   +Superior Financial Group,   165 Lennon Ln Ste 101,   Walnut Creek, CA 94598-2409

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg         EDI: EDD.COM Jul 11 2013 02:08:00      CA Employment Development Dept.,   Bankruptcy Group MIC 92E,
             P.O. Box 826880,   Sacramento, CA 94280-0001
smg         EDI: CALTAX.COM Jul 11 2013 02:08:00     CA Franchise Tax Board,   Attn: Special Procedures,
             P.O. Box 2952,   Sacramento, CA 95812-2952
smg         EDI: IRS.COM Jul 11 2013 02:08:00      IRS,   P.O. Box 7346,   Philadelphia, PA 19101-7346
13185063   +EDI: MERRICKBANK.COM Jul 11 2013 02:08:00      Advanta Bk,   Welsh and McKean Roads,
             P.O. Box 844,   Spring House, PA 19477-0844
13185065   +EDI: AMEREXPR.COM Jul 11 2013 02:08:00      American Express,   American Express Special Research,
             P.O. Box 981540,   El Paso, TX 79998-1540
13185067   +EDI: CAPITALONE.COM Jul 11 2013 02:08:00      Capital 1 Bank,   Attn: Bankruptcy Dept.,
             P.O. Box 30285,   Salt Lake City, UT 84130-0285
13185068   +EDI: CHASE.COM Jul 11 2013 02:08:00      Chase,   P.O. Box 15298,   Wilmington, DE 19850-5298
13185069   +EDI: CITICORP.COM Jul 11 2013 02:08:00      Citibank Sd, Na,   Attn: Centralized Bankruptcy,
             P.O. Box 20507,   Kansas City, MO 64195-0507
13185071   +EDI: DISCOVER.COM Jul 11 2013 02:08:00      Discover Fin Svcs Llc,   P.O. Box 15316,
             Wilmington, DE 19850-5316
13237307    EDI: IRS.COM Jul 11 2013 02:08:00      Internal Revenue Service,   P.O. Box 9019,
             Holtsville, NY 11742
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13185061    AB Produce
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jul 12, 2013**                    **Signature:**    *Joseph Speetjens*

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2013 at the address(es) listed below:
        Fred Hjelmeset   fhtrustee@gmail.com, CA90@ecfcbis.com
        Office of the U.S. Trustee / SJ   USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com
        Scott D. Schwartz   on behalf of Debtor Bora Akkaya mail@rustarmenis.com
        TOTAL: 3

**Form ODSC7fi**

# UNITED STATES BANKRUPTCY COURT
## Northern District of California (San Jose)

| | |
|---|---|
| **In re:**<br>Bora Akkaya<br>7653 Braid Court<br>Gilroy, CA 95020<br><br>Debtor(s)<br><br>**Debtor/Joint Debtor Social Security Number(s):**<br>xxx–xx–8926 | **Case Number:** 13–51908 CN 7<br>**Chapter:** 7 |

## DISCHARGE OF DEBTOR AND FINAL DECREE

It appearing that the debtor(s) is/are entitled to a discharge, **IT IS ORDERED**:
The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

It further appears that the trustee, Fred Hjelmeset in the above–entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

ORDERED that the chapter 7 case of the above–named debtor is closed; that the Trustee is discharged and relieved of said trust.

Dated: 7/9/13

By the Court:

Charles Novack
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Doc # 14

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (applies to cases filed on or after 10/17/2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (applies to cases filed on or after 10/17/2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**